**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**ADAM FOUST,**

**Plaintiff/Appellant,**

**v.**

**GENERAL MOTORS LLC AND**
**JON DIEWALD,**

**Defendants/Appellees.**

---

McTavish Law PLC
Attorneys for Plaintiff/Appellant
Christopher A. Chekan (P54969)
Jeffrey J. Wawrzyniak (P61818)
41000 Woodward Ave., Suite 350 East
Bloomfield Hills, MI 48304
T: (248) 289-7096
Email: chris@mctavishlaw.com

Ogletree, Deakins, Nash, Smoak &
Stewart, PLLC
Attorneys for Defendants/Appellees
Donald C. Bulea (P84895)
34977 Woodward Ave., Suite 300
Birmingham, MI 48009
T: (248) 593-6400
Email: donald.bulea@ogletree.com

# PLAINTIFF/APPELLANT ADAM FOUST'S MOTION THAT HIS APPEAL BE HEARD EN BANC

## I. INTRODUCTION

1. Adam Foust respectfully requests that this Court issue and enter an order that his appeal be heard en banc.

## II. GROUNDS

2. Federal Rules of Appellate Procedure 27 and 35;

3. 6 Cir. Rules 27 and 35; and,

4. Such further and other grounds that Foust may submit, and this Court may permit.

## III. ARGUMENT

5. Foust's appeal involves an opinion by this Court that directly conflicts with Supreme Court precedent and is a precedent-setting error of exceptional public importance.

6. The Supreme Court has "… clarified the function and operation of the *McDonnell Douglas*[1] framework." It is a flexible, non-exclusive, evidentiary standard that applies to the presentation of circumstantial evidence after discovery, usually at the summary judgment stage, in an employment discrimination case.[2] Therefore, *McDonnell Douglas* is not

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[2] *Ibid*. 800, 802, &804-805: Firstly, the plaintiff must establish a *prima facie* case; Secondly, if the plaintiff does so, then the defendant must lead evidence of a lawful, non-discriminatory reason for its alleged discrimination; and, Thirdly, if the defendant does so, then the plaintiff must produce evidence that the defendant's reason for its alleged discrimination is false.

applicable at the pleading stage, and it cannot be used to dismiss a complaint at that stage.[3]

7. Nevertheless, this Court requires a plaintiff to plead facts of each part of the *McDonnell Douglas* evidentiary framework, and a "majority-group plaintiff" to plead additional facts that his former employer is that unusual employer who discriminates against the majority, and that his former employer treats employees who were similarly situated to him, but were not members of the protected class, differently in order to state a claim for employment discrimination.[4]

8. Therefore, Foust's appeal involves an opinion by this Court that directly conflicts with Supreme Court precedent.

9. The Supreme Court has stated that people have the right to rely on the law as adopted by Congress and approved by the President.[5] In 1964, Congress passed, and the President approved, the law that "It shall be an

---

[3] BRIEF FOR THE UNITED STATES AS AMICUS CURIAE IN SUPPORT OF VACATUR, *Marlean A. Ames, Petitioner v. Ohio Department of Youth Services, Respondent*, No. 23-1039, U.S. Dec. 16, 2024, 14 & n.3 and 28; BRIEF FOR AMICUS CURIAE OF THE NATIONAL EMPLOYMENT LAWYERS ASSOCIATION IN SUPPORT OF PETITIONER, *Marlean A. Ames, Petitioner v. Ohio Department of Youth Services, Respondent*, No. 23-1039, U.S. Dec. 16, 2024, 5 & 24-26.

[4] *Donaldson v. DeJoy,* No. 22-1651, 2024 U.S. App. LEXIS 10640* at *5-*6, & *8-*10 (quotations & citations omitted); 2024 WL 3493870 (6th Cir., May 1, 2024) (Tab "A").

[5] *Bostock v. Clayton Cnty.,* 590 U.S. 644, 654-655 (2020) (citation omitted).

Case: 24-1794 Document: 31-1 Filed: 01/30/2025 Page: 4

unlawful employment practice for an employer – (1) to fail or refuse to hire or discharge *any individual*, or otherwise to discriminate against *any individual* with respect to his compensation, terms, conditions, or privileges of employment, because of such *individual's race, color, religion, sex, or national origin*[.]"[6]

10. The plain language of that law does not require a plaintiff to plead facts of the Supreme Court's *McDonnell Douglas* evidentiary framework or this Court's modification of it in order to state a claim for employment discrimination.

11. The millions of people who live within this Circuit have the right to rely on the law enacted by Congress and approved by the President. If they knew they cannot because this Court, to paraphrase Justice Gorsuch, has amended the law outside the legislative process reserved for their elected representatives, they would be indignant.

12. Therefore, Foust's appeal involves a precedent-setting error of exceptional public importance.

---

[6] 42 U.S.C. § 2000e-2(a)(1) (2024) (emphasis added to the original).

## IV. RELIEF REQUESTED

13. In light of the above, Foust respectfully requests that this Court issue and enter an order that his appeal be heard en banc, and grant him such further and other relief that he may request, and this Court may deem just.

Dated: 30 January 2025

/s/ Christopher A. Chekan
McTavish Law PLC
Attorneys for Plaintiff/Appellant
Christopher A. Chekan (P54969)
Jeffrey J. Wawrzyniak (P61818)
41000 Woodward Ave. Suite 350 East
Bloomfield Hills, MI 48304
T: (248) 289-7096
Email: chris@mctavishlaw.com

Case: 24-1794    Document: 31-1    Filed: 01/30/2025    Page: 6

Tab "A"

Case: 24-1794 Document: 31-1 Filed: 01/30/2025 Page: 7

Neutral
As of: January 29, 2025 12:14 PM Z

# Donaldson v. DeJoy

United States Court of Appeals for the Sixth Circuit

May 1, 2024, Filed

No. 22-1651

**Reporter**
2024 U.S. App. LEXIS 10640 *; 2024 WL 3493870

MARK P. DONALDSON, Plaintiff-Appellant, v. LOUIS DEJOY, Postmaster General USPS Great Lakes Area; CHARLOTTE A. BURROWS, Defendant-Appellees.

**Notice:** CONSULT *6TH CIR. R. 32.1* FOR CITATION OF UNPUBLISHED OPINIONS AND DECISIONS.

**Subsequent History:** Rehearing denied by, En banc *Donaldson v. DeJoy, 2024 U.S. App. LEXIS 20567 (6th Cir., Aug. 14, 2024)*

**Prior History:** **[*1]** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN.

*Donaldson v. DeJoy, 2022 U.S. Dist. LEXIS 50526, 2022 WL 834005 ( E.D. Mich., Mar. 21, 2022)*
*Donaldson v. DeJoy, 2022 U.S. Dist. LEXIS 93948, 2022 WL 1670105 ( E.D. Mich., May 25, 2022)*

## Core Terms

district court, discovery, motion to dismiss, retaliation, orientation, second amended complaint, first amended complaint, protected activity, terminated, allegations, coworker, failure to state a claim, lodging, amend, motion for leave, national origin, undue delay, discriminated, backing, mailbox, sex

## Case Summary

### Overview

HOLDINGS: [1]-The district court properly dismissed the appellant's disparate-treatment discrimination claim for failure to state a claim under *Fed. R. Civ. P. 12(b)(6)* because he failed to allege facts to support a plausible explanation for how he was discriminated against based on his race, age, national origin, or sex since he was white and American. The appellant did not dispute that he had been required to plead sufficient facts showing background circumstances to support the suspicion that the defendant was that unusual employer who discriminated against the majority, but the appellant did not; [2]-The district court did not abuse its discretion in concluding that the appellant brought his motion with undue delay and that granting it would be prejudicial because he was on notice months earlier that his claims were deficiently pleaded.

### Outcome

Judgment affirmed.

## LexisNexis® Headnotes

Civil Procedure > Appeals > Standards of Review > De Novo Review

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

*HN1*[] **Standards of Review, De Novo Review**

An appellate court reviews de novo a district court's decision dismissing a complaint for failure to state a claim under *Fed. R. Civ. P. 12(b)(6)*. To survive a motion to dismiss for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. In addressing a motion to dismiss, the district court may consider exhibits attached to the complaint.

Labor & Employment Law > Discrimination > Actionable Discrimination

Labor & Employment Law > ... > Religious Discrimination > Scope & Definitions > Covered Employees & Employers

Labor & Employment Law > ... > Evidence > Burdens of Proof > Burden Shifting

Labor & Employment Law > ... > Religious Discrimination > Burdens of Proof > Employee Burdens

Labor & Employment Law > ... > Disparate Treatment > Evidence > Burdens of Proof

*HN2*[] **Discrimination, Actionable Discrimination**

*Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq.*, and the ADEA prohibit an employer from discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin, *42 U.S.C.S. § 2000e-2(a)(1)*, or because of such individual's age, *29 U.S.C.S. § 623(a)*. At the pleading stage, the plaintiff is not obligated to plead a prima facie case of disparate-treatment discrimination under McDonnell Douglas, which requires that a plaintiff show that he (1) was a member of a protected class, (2) suffered an adverse employment action, (3) was qualified for his position, and (4) was replaced by someone outside the protected class or was treated differently from similarly situated members of the unprotected class. Instead, the plausibility pleading standard of *Fed. R. Civ. P. 12(b)(6)* applies.

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

Evidence > Inferences & Presumptions > Inferences

*HN3*[] **Complaints, Requirements for Complaint**

Broad and conclusory allegations of discrimination cannot be the basis of a complaint and a plaintiff must state allegations that plausibly give rise to the inference that a defendant acted as the plaintiff claims.

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

Case: 24-1794 Document: 31-1 Filed: 01/30/2025 Page: 8

HN4[] **Complaints, Requirements for Complaint**

Factual allegations about discriminatory conduct that are based on nothing more than a plaintiff's belief are naked assertions devoid of further factual enhancement that are insufficient to state a claim.

Labor & Employment Law > ... > Age Discrimination > Evidence > Circumstantial Evidence

Labor & Employment Law > ... > Age Discrimination > Discriminatory Employment Practices > Discharges & Failures to Hire

HN5[] **Evidence, Circumstantial Evidence**

Being fired by a younger manager is insufficient by itself to support a finding of age discrimination.

Labor & Employment Law > Discrimination > Retaliation > Burdens of Proof

HN6[] **Retaliation, Burdens of Proof**

To establish a prima facie case of retaliation, a plaintiff must show that: (1) he engaged in protected activity; (2) the defendant had knowledge of his protected activity; (3) the defendant thereafter took an adverse employment action against him; and (4) there was a causal connection between the protected activity and the adverse employment action.

Labor & Employment Law > ... > Retaliation > Elements > Protected Activities

HN7[] **Elements, Protected Activities**

An employee may show that he engaged in protected activity for purposes of *Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq.*, by alleging conduct that falls within one of two clauses in the statute, which provides that it is an unlawful employment practice for an employer to discriminate against any of his employees: 1. because the employee has opposed any practice made an unlawful employment practice by this subchapter, or 2. because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter. *42 U.S.C.S. § 2000e-3(a)*. The first clause is known as the opposition clause, and the second as the participation clause.

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

HN8[] **Standards of Review, Abuse of Discretion**

An appellate court reviews decisions limiting or denying discovery for an abuse of discretion. A district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided. Limitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery.

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

Civil Procedure > Appeals > Standards of Review > De Novo Review

Civil

Case: 24-1794 Document: 31-1 Filed: 01/30/2025 Page: 9

Case: 24-1794 Document: 31-1 Filed: 01/30/2025 Page: 10

Procedure > ... > Pleadings > Amendment of Pleadings > Leave of Court

*HN9*[] **Standards of Review, Abuse of Discretion**

An appellate court reviews a denial of leave to amend a complaint based on undue delay for abuse of discretion, but the court reviews de novo the legal conclusion that amendment would be futile because a proposed amended complaint fails to state a claim.

Civil Procedure > ... > Pleadings > Amendment of Pleadings > Leave of Court

*HN10*[] **Amendment of Pleadings, Leave of Court**

Delay by itself is a sufficient basis on which to deny a motion to amend when the delay becomes undue, placing an unwarranted burden on the court, or becomes prejudicial, placing an unfair burden on the opposing party. Although delay by itself is not sufficient to deny a motion to amend, it may be when combined with the prejudice.

**Counsel:** MARK P. DONALDSON, Plaintiff - Appellant, Pro se, Roscommon, MI.

For LOUIS DEJOY, Postmaster General USPS Great Lakes Area, CHARLOTTE A. BURROWS, Defendants - Appellees: Christopher J. Doyle, Assistant U.S. Attorney, Office of the U.S. Attorney, Detroit, MI.

**Judges:** Before: BOGGS, MOORE, and MURPHY, Circuit Judges.

## Opinion

ORDER

In this employment-discrimination action brought under *Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq.*, and the *Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.*, Mark P. Donaldson, proceeding pro se, appeals the district court's judgment dismissing his first amended complaint and denying his motions for discovery and to file a second amended complaint. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See Fed. R. App. P. 34(a)*. Because Donaldson did not allege facts that state a claim upon which relief can be granted and has not shown that the district court abused its discretion in any respect, we affirm.

Relevant Factual Background

Donaldson, a white man in his sixties, is a former United States Postal Service (USPS) employee. In July and August 2017, upon being hired as a rural carrier, Donaldson attended an orientation session led **[*2]** by Julia Campbell. According to Donaldson, on the first day of orientation, a coworker, Thomas LeBeau, made a loud "offensive statement about violence [and] hitting [Donaldson] on the head." Donaldson also alleged that, throughout the orientation, Campbell "volunteered numerous inappropriate statements, opinions, and/or actions," including a story about a male coworker who called her "beautiful," which she perceived to be a "sexual innuendo" in light of his eye contact with her at the time. Campbell allegedly later overheard Donaldson tell another coworker that Campbell "didn't handle the harassment thing correctly."

During the orientation, Donaldson and the other attendees were instructed to write "comments and ideas" regarding particular topics on sheets of paper; Donaldson allegedly

Case: 24-1794 Document: 31-1 Filed: 01/30/2025 Page: 11

wrote "mans world" on his paper, and Campbell taped it up on the wall without his permission. At another point during the orientation, Campbell allegedly "scream[ed]" and "point[ed]" at Donaldson and Nick Nitlet, a Hispanic and Nicaraguan coworker; Donaldson alleged that Campbell apologized to Nitlet but not to him.

Roughly one week after orientation, Donaldson shadowed a more experienced coworker, Melissa **[*3]** Andrzejewski. During their route, Andrzejewski allegedly backed the vehicle up to a mailbox, in violation of USPS policy. Donaldson also alleged that, throughout the shadow day, Andrzejewski repeatedly stated that she was "Queen of the Brown Nosers" and that she "was doing her brown nosing for" their supervisor, Barbara Wandrie. Donaldson then complained to Wandrie about Andrzejewski's backing her vehicle up to a mailbox and repeated use of the "Queen of the Brown Nosers" phrase; Wandrie allegedly declined to discuss or investigate the matters.

Just over one week later, Donaldson set out to attend additional training in another city that required travel and lodging. Wandrie gave Donaldson a stipend and informed him that he needed to make his own travel arrangements but that he should stay at the Red Roof Inn. When Donaldson booked a more expensive hotel, Wandrie told him that he might not get reimbursed for it. Donaldson then asked Wandrie to "send [him] asap the complete list of all approved hotels in the . . . area" and asked if the stipend amount that Wandrie quoted him was the maximum reimbursable amount. The next morning, Donaldson called USPS's finance office and requested a copy **[*4]** of the USPS's travel and relocation handbook. Later that day, Donaldson wrote a letter to "Whom It May Concern" at the USPS, stating that he was unable to obtain lodging with the provided stipend and thus would not attend the training and would reschedule for a later date.

Donaldson was terminated the same day. In the termination letter, Wandrie informed Donaldson that his "termination is based on multiple incidents where [he has] demonstrated a less than professional demeanor with [his] co-workers and Management." Wandrie stated that Donaldson had "multiple problems" during orientation, had "berated" Andrzejewski for backing up to a mailbox, and had an "uncooperative attitude" in trying to secure lodging for the training. Wandrie concluded that, based on his attitude, Donaldson would "have difficulty in meeting the expectation the [USPS] has for its employees."

Procedural History

In 2017, Donaldson filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). After conducting a hearing, an EEOC Administrative Law Judge (ALJ) rendered a decision denying Donaldson's claims; thereafter, the EEOC issued a notice of final action. Donaldson then brought this action, **[*5]** originally naming Louis DeJoy, the Postmaster General for the USPS's Great Lakes Area, as a defendant. He then filed an amended complaint, adding Charlotte Burrows, the chair of the EEOC, as a defendant. His amended complaint raised 18 claims: the first 15 alleged errors by the USPS and the EEOC during the EEOC proceedings, and the last three alleged disparate-treatment discrimination and retaliation based on Donaldson's race, sex, age, and national origin.

The defendants moved to dismiss counts 1-15 under *Federal Rule of Civil Procedure 12(b)(1)* for lack of subject-matter jurisdiction and counts 16-18 under *Rule 12(b)(6)* for failure to state a claim. Over Donaldson's objections, the district court adopted the magistrate judge's

Case: 24-1794 Document: 31-1 Filed: 01/30/2025 Page: 12

recommendation that the motion to dismiss be granted; it also denied Donaldson's motion requesting discovery. Thereafter, the district court denied Donaldson's motion for leave to file a second amended complaint (which he had filed after the magistrate judge issued the report and recommendation but before the district court adopted it) and motion for reconsideration of its order dismissing his first amended complaint. It entered a judgment dismissing the action. Donaldson then filed a post-judgment motion for **[*6]** reconsideration, which the district court denied.

Donaldson now appeals, challenging the district court's conclusion that his first amended complaint failed to state a claim and its denial of his motions for discovery and for leave to file a second amended complaint.

Motion to Dismiss

*HN1*[] We review de novo a district court's decision dismissing a complaint for failure to state a claim under *Rule 12(b)(6)*. *Jama v. Dep't of Homeland Sec., 760 F.3d 490, 494 (6th Cir. 2014)*. To survive a motion to dismiss for failure to state a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (quoting *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly, 550 U.S. at 556*). In addressing a motion to dismiss, the district court may consider exhibits attached to the complaint. *Gavitt v. Born, 835 F.3d 623, 640 (6th Cir. 2016)*.

## Claims 16-18 - Failure to State a Claim

*Discrimination*

*HN2*[] Title VII and the ADEA prohibit an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national **[*7]** origin," *42 U.S.C. § 2000e-2(a)(1)*, or "because of such individual's age," *29 U.S.C. § 623(a)*. The district court correctly noted that at the pleading stage Donaldson was not obligated to plead a prima facie case of disparate-treatment discrimination under *McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)*, which requires that a plaintiff show that he (1) "was a member of a protected class," (2) "suffered an adverse employment action," (3) "was qualified for his position," and (4) "was replaced by someone outside the protected class or was treated differently" from similarly situated members of the unprotected class. *Blount v. Stanley Eng'g Fastening, 55 F.4th 504, 510 (6th Cir. 2022)*; *see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)*. Instead, the plausibility pleading standard of *Rule 12(b)(6)* applies. *Swierkiewicz, 534 U.S. at 511*; *see Keys v. Humana, Inc., 684 F.3d 605, 608-09 (6th Cir. 2012)*.

Even applying this liberal pleading standard, we agree with the district court that Donaldson failed to allege facts to support a "plausible explanation for how he was discriminated [against] based on his race, age, national origin, or sex." *See White v. Coventry Health & Life Ins. Co., 680 F. App'x 410, 415-16 (6th Cir. 2017)* (finding "naked assertions" to be "wholly conclusory" and insufficient to state a claim where the plaintiff broadly alleged "that 'almost from the very beginning of [her]

employment she suffered from harassment, discrimination, intimidation, berating and a hostile work environment,' that she was 'constantly berated' by a supervisor, and that [supervisor] **[*8]** 'degraded and humiliated' her" (citing *Iqbal, 556 U.S. at 678*)). As for sex-based discrimination, the only facts alleged that could conceivably support such a claim and that Donaldson addresses on appeal are that Campbell overheard him criticize her sexual-harassment story and that Andrzejewski was not disciplined despite backing her vehicle toward a mailbox and repeatedly referring to herself as "Queen of the Brown Nosers."

But these facts, as alleged, fall short of stating a sex-discrimination claim. Regarding Donaldson's allegations about Campbell, they at best lead to an inference that Campbell may have disliked Donaldson because he criticized her sexual-harassment story; they do not lead to an inference that Campbell—who was not alleged to have any decisionmaking authority—discriminated against him on the basis of sex. *See* *Downs v. Bel Brands USA, Inc., 613 F. App'x 515, 519 (6th Cir. 2015)* ("[*HN3*[🡅] B]road and conclusory allegations of discrimination cannot be the basis of a complaint" and "a plaintiff must state allegations that plausibly give rise to the inference that a defendant acted as the plaintiff claims." (quoting *HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 614 (6th Cir. 2012)*)).

Regarding Andrzejewski, Donaldson does not allege that he, like she, backed a vehicle up to a mailbox, so any complaints about Andrzejewski failing **[*9]** to be disciplined for that action cannot plausibly show sex discrimination. *Cf.* *Blount, 55 F.4th at 512* ("In order to be considered similarly situated, employees must have engaged in acts of comparable seriousness." (cleaned up)). The same can be said of Donaldson's complaint that Andrzejewski was not disciplined or terminated for repeatedly using the phrase "Queen of the Brown Nosers." The exhibits attached to Donaldson's first amended complaint show that he—a new employee—was terminated because he made "derogatory comments" in orientation, exhibited a poor professional demeanor, and had an uncooperative attitude when trying to work out the lodging issues—things that Andrzejewski was not alleged to have done. And we cannot plausibly infer that Andrzejewski's use of the phrase "Queen of the Brown Nosers" to describe herself has any underlying discriminatory meaning to Donaldson, sex-based or otherwise.

Donaldson's broad and conclusory allegations that he was discriminated against on account of his race and national origin fare no better. *See* *Boxill v. O'Grady, 935 F.3d 510, 520 (6th Cir. 2019)*. He alleged generally, with no factual support, that Wandrie and Campbell discriminated against him based on his race and national origin; the only fact-based allegation **[*10]** is that Campbell treated Nitlet, who is Hispanic and Nicaraguan, more favorably by apologizing to him—but not Donaldson—after she screamed and pointed at both of them during orientation. Because he is white and American, Donaldson does not dispute that he was required to plead sufficient facts showing "background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Zambetti v. Cuyahoga Cmty. Coll., 314 F.3d 249, 255 (6th Cir. 2002)* (cleaned up); *see* *Sutherland v. Mich. Dep't of Treasury, 344 F.3d 603, 614 (6th Cir. 2003)*. But Donaldson did not, and his race discrimination claim is even more implausible in view of his allegation that Campbell is also white. *See* *Ames v. Ohio Dep't of Youth Servs., 87 F.4th 822, 825 (6th Cir. 2023)* (per curiam).

Finally, regarding Donaldson's age, merely



Case: 24-1794 Document: 31-1 Filed: 01/30/2025 Page: 13

Case: 24-1794 Document: 31-1 Filed: 01/30/2025 Page: 14

alleging that he was over 60 years old and was terminated by a manager who was 46 years old is insufficient to allow an inference of age-based discrimination. *See* *El-Hallani v. Huntington Nat'l Bank, 623 F. App'x 730, 735 (6th Cir. 2015)* ("[**HN4**[🡅]] F]actual allegations about discriminatory conduct that are based on nothing more than a plaintiff's belief are 'naked assertions devoid of further factual enhancement' that are insufficient to state a claim." (quoting *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B., 727 F.3d 502, 506 (6th Cir. 2013)*); *Norton v. Sam's Club, 145 F.3d 114, 119 (2d Cir. 1998)* (explaining that **HN5**[🡅] being fired by a younger manager is insufficient by itself to support a finding of age discrimination).

In short, because Donaldson did not **[*11]** allege sufficient facts to support an inference that he was treated differently based on his membership in a protected class, the district court properly dismissed his disparate-treatment discrimination claim for failure to state a claim.

*Retaliation*

Donaldson also challenges the dismissal of his retaliation claim. He alleged that the USPS retaliated against him when it, through Wandrie, failed to investigate Andrzejewski's "Queen of the Brown Nosers" comments, failed to communicate with him regarding the LeBeau physical-threat incident, and terminated him. **HN6**[🡅] To establish a prima facie case of retaliation, a plaintiff must show that: (1) he engaged in protected activity; (2) the defendant had knowledge of his protected activity; (3) the defendant thereafter took an adverse employment action against him; and (4) there was a causal connection between the protected activity and the adverse employment action. *See* *Upshaw v. Ford Motor Co., 576 F.3d 576, 584 (6th Cir. 2009)*.

Donaldson was required to plead sufficient facts from which we can plausibly conclude that the USPS retaliated against him because he engaged in a protected activity. *Charlton-Perkins v. Univ. of Cincinnati, 35 F.4th 1053, 1060-61 (6th Cir. 2022)*. **HN7**[🡅] An employee may show that he engaged in "protected activity" for purposes of Title VII by alleging conduct that **[*12]** falls within one of two clauses in the statute, which provides that it is an "unlawful employment practice for an employer to discriminate against any of his employees . . . [1] because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or [2] because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *42 U.S.C. § 2000e-3(a)*. The first clause is known as the "opposition clause," and the second as the "participation clause." *Crawford v. Metro. Gov't of Nashville & Davidson Cnty., 555 U.S. 271, 274, 129 S. Ct. 846, 172 L. Ed. 2d 650 (2009)*.

Donaldson alleged and maintains that he engaged in a protected activity when he (1) contacted USPS's finance office to report his issues with securing lodging for training and (2) told Wandrie about Andrzejewski's "Queen of the Brown Nosers" comment. But reporting lodging issues and telling a superior that a coworker referred to herself as "Queen of the Brown Nosers"—which, as set forth above, cannot plausibly be construed as discriminatory—are not acts of opposition that are covered by Title VII or the ADEA. And the activities do not fall under the participation clause because Donaldson did not allege participation in an internal investigation into **[*13]** allegations of unlawful discrimination that "occur[ed] pursuant to a pending EEOC charge." *Abbott v. Crown Motor Co., 348 F.3d 537, 543 (6th Cir. 2003)*. Thus, based on Donaldson's allegations, we cannot reasonably infer that the USPS

Case: 24-1794 Document: 31-1 Filed: 01/30/2025 Page: 15

retaliated against him for engaging in a protected activity. And because retaliation claims require the plaintiff to show that his *protected activity* was a but-for cause of the alleged adverse action, *see* Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 362, 133 S. Ct. 2517, 186 L. Ed. 2d 503 (2013), the district court properly dismissed Donaldson's retaliation claim for failure to state a claim.

Motion for Discovery

Donaldson also challenges the district court's denial of his motion for discovery, in which he sought various materials that purportedly are relevant to his claims, including metadata from his termination letter, emails concerning Wandrie, and documents pertaining to Andrzejewski.

HN8[] We review decisions limiting or denying discovery for an abuse of discretion. Anwar v. Dow Chem. Co., 876 F.3d 841, 854 (6th Cir. 2017). "A district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided." Doe v. City of Memphis, 928 F.3d 481, 490 (6th Cir. 2019) (quoting In re Bayer Healthcare & Merial Ltd. Flea Control Prods. Mktg. & Sales Pracs. Litig., 752 F.3d 1065, 1074 (6th Cir. 2014)).

Here, the district court did not abuse its discretion in denying Donaldson's discovery motion that he filed while the defendants' motion to dismiss was pending because the **[*14]** discovery that he sought was not relevant to whether his first amended complaint stated a plausible claim for relief. *See* Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund, 349 F.3d 300, 304 (6th Cir. 2003) ("Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" (quoting Muzquiz v. W.A. Foote Mem'l Hosp., Inc., 70 F.3d 422, 430 (6th Cir. 1995))).

Motion for Leave to File Second Amended Complaint

Finally, Donaldson challenges the denial of his motion for leave to file a second amended complaint on the ground that an amendment would cause undue delay and prejudice and would be futile. HN9[] We review a denial of leave to amend a complaint based on undue delay for abuse of discretion, *Doe v. Mich. State Univ., 989 F.3d 418, 426 (6th Cir. 2021)*, but "we review de novo the legal conclusion that amendment would be futile because a proposed amended complaint fails to state a claim," Linden v. City of Southfield, 75 F.4th 597, 602 (6th Cir. 2023).

HN10[] The district court did not abuse its discretion in concluding that Donaldson brought his motion with undue delay and that granting it would be prejudicial. *See* Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002) (stating that delay by itself is a sufficient basis on which to deny a motion to amend when the delay "becomes undue, placing an unwarranted burden on the court, or becomes prejudicial, placing an unfair burden on the opposing party" (cleaned up)); Coe v. Bell, 161 F.3d 320, 342 (6th Cir. 1998) (holding **[*15]** that, although "delay by itself is not sufficient to deny a motion to amend," it may be "when combined with the prejudice" (cleaned up)). Before filing their motion to dismiss Donaldson's first amended complaint in June 2021—which superseded his original complaint that the defendants had also moved to dismiss—the defendants conferred with him, but Donaldson did not seek leave to amend at that time. Nor did he after receiving the defendants' motion to dismiss. It was not until January 2022—after the magistrate judge

Case: 24-1794 Document: 31-1 Filed: 01/30/2025 Page: 16

recommended that Donaldson's first amended complaint be dismissed for failure to state a claim—that Donaldson filed a motion for leave to file a second amended complaint. Donaldson's motion to amend sought to add three defendants and "clarif[y] counts involving [his] discrimination . . .[,] retaliation and disparate treatment claims." But he was on notice months earlier that his claims were deficiently pleaded, and allowing an amendment would require the parties to re-brief the defendants' motion to dismiss, resulting in additional delay. Under these circumstances, the district court reasonably concluded that Donaldson was guilty of undue delay and that both it and the defendants **[*16]** would have been prejudiced if he were granted leave to file a second amended complaint while the defendants' motion to dismiss his first amended complaint was ripe for disposition. *See* *Lamb v. Wilson, No. 17-1670, 2018 U.S. App. LEXIS 1016, 2018 WL 2972441, at *4 (6th Cir. Jan. 16, 2018)* (concluding that the district court did not abuse its discretion in denying the plaintiff's motion to amend his complaint filed after the magistrate judge recommended that the claims remaining in his original complaint be dismissed).

Because the district court did not abuse its discretion in denying Donaldson's motion for leave to file a second amended complaint on the ground that the motion was brought with undue delay and granting it would prejudice the court and the defendants, we need not address whether an amendment would be futile.

For all of the foregoing reasons, we **AFFIRM** the district court's judgment.

---

End of Document

**CERTIFICATE OF SERVICE**

I, Christopher A. Chekan, counsel for the plaintiff/appellant, Adam Foust, hereby certify that on 30 January 2025 I electronically filed his Motion that His Appeal Be Heard En Banc with the Clerk of this Court pursuant to the ECF system, which will provide that Motion to counsel for the defendants/appellees.

/s/ Christopher A. Chekan
McTavish Law PLC
Attorneys for Plaintiff/Appellant
Christopher A. Chekan (P54969)
Jeffrey J. Wawrzyniak (P61818)
41000 Woodward Ave. Suite 350 East
Bloomfield Hills, MI 48304
T: (248) 289-7096
Email: chris@mctavishlaw.com